**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY WRIGHT, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*); |
| THE CLEAN PROGRAM CORP., a New York corporation; and Does 1-10, inclusive, | 2. Vicarious and/or Contributory Copyright Infringement; and |
| Defendants. | 3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202) |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Brittany Wright ("Wright"), hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.      This Court has personal jurisdiction over Defendants, and each of them, because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district, including through Defendants' principal place of business located at 111 John Street, Suite 1910, New York, New York, 10038.

4.      Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here and Defendants and/or Defendants' agents reside or may be found in this judicial district.

## PARTIES

5.      Plaintiff, Wright, is an individual presently residing in New York.

6.      Upon information and belief, Wright alleges that The Clean Program Corp. ("Clean Program") is a New York corporation doing business in and with this judicial district including through its principal office located at 111 John Street, Suite 1910, New York, New York, 10038.

7.      Defendants Does 1 through 10, inclusive (collectively with Clean Program, "Defendants") are other parties not yet identified who have infringed Wright's copyrights, have contributed to the infringement of Wright's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual, or otherwise, are presently unknown to Wright, who therefore sues said Defendants by such fictitious names,

COMPLAINT

and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.      Wright is informed and believes and thereon alleges that at all times relevant hereto Clean Program and/or Does 1-10 were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Wright's rights and the damages to Wright proximately caused thereby.

## CLAIMS RELATED TO WRIGHT'S PHOTOGRAPHY

9.      Prior to the conduct complained of herein, Wright composed and captured original photographs of carefully and creatively arranged food imagery, copies of which are set forth herein below ("Subject Photography"). The Subject Photography is a creation of Wright's that was registered with the United States Copyright Office, and is, and at all relevant times was, owned exclusively by Wright.

///

///

///

## SUBJECT PHOTOGRAPHY





**COMPLAINT**





5



**COMPLAINT**



10.     Prior to the acts complained of herein, Wright widely publicly displayed and disseminated the Subject Photography to the public including via her social media platforms, in print publications, and on her personal website.

11.     Following her publication and display of the Subject Photography, Wright's investigation revealed that Defendants were marketing and/or selling services bearing illegal reproductions and/or derivations of the Subject Photography without Wright's authorization.

12.     Upon information and belief, Wright alleges that Defendants, and each of them, had access to the Subject Photography, including through Wright's online profiles and features, online publications and press featuring Wright's work, Wright's social media accounts, the publication of Wright's photography in books and physical publications, and/or through viewing the Subject Photography on third-party websites.

13.     On or around April 2, 2025, Wright sent correspondence to Clean Program informing the company of its infringements and demanding that it cease and desist all use of the Subject Photography. Clean Program has failed to meaningfully respond, necessitating this action.

14.    As seen in the screen captures depicted below, Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photography for commercial benefit without Wright's consent ("Infringing Uses"):







**COMPLAINT**



**COMPLAINT**



**COMPLAINT**



**COMPLAINT**





**COMPLAINT**

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

15.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

16.    Upon information and belief, Wright alleges that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Wright's online profiles and features, online publications and press featuring Wright's work, Wright's social media accounts, the publication of Wright's photography in books and physical publications, and/or through viewing the Subject Photography on third-party websites. Access is further established by the identical reproduction of the Subject Photography in the Infringing Uses.

17.    Upon information and belief, Wright alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online for commercial benefit, including on Defendants' social media sites, as depicted above.

18.    Upon information and belief, Wright alleges that Defendants, and each of them, infringed Wright's copyrights by directly copying the Subject Photography and publishing same to the public for commercial benefit.

19.    Due to Defendants', and each of their, acts of infringement, Wright has suffered general and special damages in an amount to be established at trial.

20.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Wright's rights in the Subject Photography in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

21.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

22.    Upon information and belief, Wright alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third parties for further publication.

23.    Wright alleges on information and belief that Defendant(s), and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Uses, and were able to supervise the publication and distribution of the Infringing Uses.

24.    By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Wright has suffered general and special damages in an amount to be established at trial.

25.    Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography.

As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography, in an amount to be established at trial.

**THIRD CLAIM FOR RELIEF**

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

26.     Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

27.     The Subject Photography was routinely published with attribution information, including Wright's name and/or the title of the work, which identified Wright as the author and owner of the Subject Photography, and which qualifies as copyright management information ("CMI").

28.     Upon information and belief, Wright alleges that Defendants, and each of them, removed Wright's CMI from certain of the Infringing Uses and/or added false copyright management information to the Subject Photography, attributing it to another artist and/or source, before distributing and publishing same.

29.     Wright alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography, including via the social media sites depicted above, under its own name, and removing Wright's attribution information, including without limitation her name and/or metadata.

30.     On information and belief, Wright alleges that Defendants, and each of them, distributed the Infringing Uses bearing false CMI or CMI indicating that they held rights in or a license relevant to the Subject Photography in violation of 17 U.S.C. § 1202(a). As a result of the

foregoing, Wright has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

Wherefore, Wright prays for judgment as follows:

### Against All Defendants, and Each:

With Respect to Each Claim for Relief

1.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Wright's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication or account owned, operated, or controlled by any Defendant.

2.  That Wright be awarded all profits of Defendants, and each of them, plus all losses of Wright, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 1203 and other applicable law.

3.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Wright's intellectual property rights;

4.  That Wright be awarded her attorneys' fees as available under 17 U.S.C. §1203;

5.  That Wright be awarded her costs and fees;

6.  That Wright be awarded statutory and enhanced damages;

7.  That Wright be awarded pre-judgment interest as allowed by law; and,

8.  That Wright be awarded further legal and equitable relief as deemed proper.

## JURY DEMAND

Wright demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

7th Amendment to the United States Constitution.


Dated: January 20, 2026                          Respectfully submitted,
New York, New York

                                                 By:  */s/ Alexandra Licitra*
                                                     Scott Alan Burroughs, Esq.
                                                     Alexandra Licitra, Esq.
                                                     **DONIGER / BURROUGHS**
                                                     247 Water Street, First Floor
                                                     New York, New York 10038
                                                     (310) 590-1820
                                                     scott@donigerlawfirm.com
                                                     alicitra@donigerlawfirm.com
                                                     *Attorneys for Plaintiff*